## BLAIR v. CLEVELAND.

1. In a proceeding founded on a judicial attachment, it must appear in the record that the defendant is an inhabitant of the State.
2. That fact may be shewn by affidavit, in term time, or in vacation.
3. It is error, if it does not so appear, though the defendant replevies and enters his appearance.

BENJAMIN CLEVELAND commenced an action of debt in Dallas Circuit Court, against James Blair by original

writ; and upon a return of " not found," sued out a judicial attachment against the effects of the defendant, which issued by order of the Court, and was levied on six negroes. The defendant, at the return term of the attachment, appeared, craved oyer of the writ and demurred, because it did not appear in any part of the proceedings that either the plaintiff or defendant were residents of this State at the commencement of this suit, or at any time before or since. At the October term, 1824, the Circuit Court overruled the demurrer, and the defendant failing to plead further, gave judgement for $1,020 debt, and $486 40 damages, for its detention.

The error assigned by Blair here, is, that the demurrer was improperly overruled, and that judgement should have been given for him on it.

HITCHCOCK, for the plaintiff in error.

H. G. PERRY, for the defendant.

JUDGE WHITE delivered the opinion of the Court.

IT is objected that it does not appear upon the record that the defendant was an inhabitant of the State at the issuance of the original writ. The principle here contended for, has already been established by this Court in the case of Campbell against Wyatt, [a] and was again recognized in the subsequent case of Evans against Saltmarsh, [b] decided last winter. We remain perfectly satisfied with the construction of the attachment laws on this point given in the cases above referred to. It is surely a construction which comports best with the evident design of permitting judicial attachments, and the only one which can secure the rights of foreign defendants, who may have property within this State.

But it is urged that the circumstances of the defendant having appeared, replevied the property, and demurred to the action, waives the necessity of the record shewing that he was an inhabitant of this State. This we think does not result as a conclusion from the facts admitted. For if the intention of the law was not to permit judicial attachments but as a mode of compelling the appearance of *resident citizens*, and if it be expedient to require their residence to appear of record before it issues, then the replevying of the property and pleading to the action should not dispense with this prerequisite; otherwise an inhabi-

[a] Minor's Ala. R. 390.

[b] Ante p. 43.

tant of another State who might, by the interposition of friends or otherwise, hear of and through prudence be induced to replevy his property levied on by such an attachment, would either not be permitted to defend his suit, or be placed on a different footing from other foreigners, in his defence. This we think was not the intention of the statute or the construction heretofore given it. Indeed, in the case of Campbell against Wyatt, there must have been a replevy, for there was a plea, and therefore, the principle of that case decides this; for we can perceive no difference as to this point, whether the defence be in abatement or on demurrer. In all cases it should appear as a prerequisite to the issuance of a judicial attachment, that the defendant is a resident of the State. When the election of this writ is made in term time, it can easily be made to appear by a shewing to the Court on affidavit; and should the plaintiff not conclude to elect the writ of attachment until after Court, the necessary shewing can be made by affidavit taken before some justice of the peace, and filed in the papers of the cause as a part of the record. Either of which methods we think would answer the purpose of the law. The judgement in this case must be reversed.

Judges Crenshaw and Perry not sitting.